UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>GERARDO SILVA (02),<br><br>  Defendant. | No. 1:21-CR-058-H-BU |

**ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

United States Magistrate Judge John R. Parker made Findings, Conclusions, and a Recommendation (FCR) in this case on February 18, 2022. Dkt. No. 89. Judge Parker recommends that the *pro hac vice* admission of W. Stacey Mooring, Texas Bar #14412000, be revoked. *Id*. at 10. No objections to Judge Parker's FCR were filed, so the Court reviewed it only for plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Finding none, the Court accepts and adopts the FCR (Dkt. No. 89). Accordingly, the Court orders that the *pro hac vice* admission of W. Stacey Mooring granted by the Court on August 18, 2021 (Dkt. No. 29) is hereby revoked.

The Court notes that this is not the first time that Mooring has been subjected to adverse action for failing to adequately litigate a criminal case. In his application for admission *pro hac vice*, Mooring disclosed a 2006 written reprimand issued by the State Bar of Texas. Dkt. No. 28 at 2. After receiving Judge Parker's FCR, the Court obtained documents from the State Bar of Texas explaining the basis for that reprimand. Those documents are attached here as Exhibit 1. In short, Mooring failed to timely file an

appellant's brief on behalf of his client in a criminal case.  The client was forced to retain alternate counsel.  Throughout the process, Mooring failed to communicate with the client, his family, and his substitute counsel.  The Bar concluded that Mooring's conduct amounted to a violation of his duty to carry out the obligations he owed to his client.

So too here.  Mooring repeatedly failed to attend hearings as directed.  He failed to file documents as ordered by the Court.  Once the chickens came home to roost, he filed a motion to continue trial, purportedly so that he could consult with his client about a plea agreement.  But he and his client had already signed a plea agreement that had been filed with the Court.  *Compare* Dkt. No. 85 (motion to continue) *with* Dkt. No. 81 (plea agreement).  Mooring's conduct is inexplicable and not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).

Accordingly, the Clerk of Court is directed to transmit copies of this Order and Judge Parker's FCR to the Chief Judges of the U.S. District Courts for the Northern, Eastern, Southern, and Western Districts of Texas and to Seana Willing, Chief Disciplinary Counsel of the State Bar of Texas, P.O. Box 13287, Austin, Texas 78711.

So ordered on March 9, 2022.

                                                                */s/ James W. Hendrix*
                                                    JAMES WESLEY HENDRIX
                                                    UNITED STATES DISTRICT JUDGE